UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAROLYN ALEXANDER,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | §<br>§<br>§   No. 3:14-CV-1561-BF<br>§<br>§ |

### MEMORANDUM OPINION & ORDER

Before the Court is Defendant United States of America's ("United States") Motion for Summary Judgment [D.E. 49]. For the following reasons, the motion is GRANTED.

### BACKGROUND

On April 29, 2014, Plaintiff Carolyn Alexander ("Plaintiff") filed her Complaint pursuant to the Federal Tort Claims Act, Title 28, United States Code, Section 2671, *et seq.*, alleging that Dennis Holley ("Holley"), an employee of the Federal Bureau of Investigation ("FBI"), negligently operated a vehicle owned by the United States during the course of his employment. *See* Compl. [D.E. 1 at 2-4]. On January 5, 2015, Plaintiff filed her Amended Complaint. *See* Am. Compl. [D.E. 33].

Plaintiff alleges that due to Holley's negligence, a motor vehicle collision occurred at the intersection of Interstate-20 and Beltline Road in Dallas, Texas on May 2, 2012. *See id.* [D.E. 33 at 2-3]. Plaintiff alleges that Holley was swerving between the middle lanes of traffic and the left shoulder, which caused three additional vehicles to be involved in a collision on that date. *See id.* [D.E. 33 at 2]. Plaintiff contends that Holley: (1) was traveling at an excessive rate of speed; (2) failed to maintain control of his vehicle; (3) failed to properly negotiate a curve in the road on which he was traveling; (4) lost control of his vehicle and then overcorrected; (5) failed to keep a proper lookout; (6) failed to timely apply his brakes; (7) operated his vehicle at a speed greater than was

reasonable and prudent under the circumstances in violation of Texas Transportation Code 545.351(a); and/or (8) failed to operate his vehicle at a reduced speed while approaching and going around a curve in violation of Texas Transportation Code 545.351(c)(2). *See id.* [D.E. 33 at 3]. Plaintiff contends that she incurred $21,233.36 in medical bills. *See id.* [D.E. 33 at 4]. Plaintiff also seeks the following: $10,000.00 for future medical treatment costs; $5,000.00 for physical impairment; $5,000.00 for future physical impairment; $15,000.00 for past physical pain and mental anguish; $10,000.00 for future physical pain and mental anguish; $5,593.44 in lost wages; $1,168.06 for property damage; and $250.00 for her insurance deductible. *See id.* [D.E. 33 at 4]. Medical records indicate that Plaintiff was admitted to the Medical Center of Arlington and was discharged within one hour and thirteen minutes. Def.'s App. [D.E. 51 at 19].

The government contends that prior to the incident at issue, on March 12, 2012, Holley experienced medical incapacitation and erratically drove his vehicle while he was unaware of his surroundings and escorted by police vehicles. *See* Def.'s Br. [D.E. 50 at 6]. The government states that after Holley's vehicle was physically stopped by law enforcement, he was taken to Denton Regional Medical Center and then transferred to Baylor University Medical Center. *See id.* [D.E. 50 at 6]. Holley was diagnosed with transient global amnesia or a transient ischemic attack. *See id.* [D.E. 50 at 6]; Def.'s App. [D.E. 51 at 4-5, 22]. The FBI required Holley to receive medical clearance to return to work and operate a motor vehicle. *See* Def.'s Br. [D.E. 50 at 6]; Def.'s App. [D.E. 51 at 5, 7]. On March 27, 2012, Holley received medical clearance from Dr. Gregory Pearl to return to work without any restrictions. *See* Def.'s Br. [D.E. 50 at 6]; Def.'s App. [D.E. 51 at 5, 7, 9, 13-14]. The government contends that Dr. Pearl misdiagnosed Holley with transient global amnesia and erroneously provided Holley with medical clearance to return to work without any

2

restrictions. *See* Def.'s Br. [D.E. 50 at 6, 18-19].

On May 2, 2012, the government contends that Holley was driving a government vehicle to the Dallas FBI office when he suffered a partial complex seizure and was involved in the accident with Plaintiff. *See id.* [D.E. 50 at 7]. After the accident, Holley was taken to Methodist Dallas Medical Center where they conducted medical tests over several days and determined that Holley was previously misdiagnosed as having transient global amnesia. *See id.* [D.E. 50 at 7]; Def.'s App. [D.E. 51 at 5, 22-24]. The government contends that Holley was prescribed medication for his partial complex condition and has not suffered another episode since the May 2, 2012 accident. *See* Def.'s Br. [D.E. 50 at 7]; Def.'s App. [D.E. 51 at 5].

On August 19, 2015, the United States filed its summary judgment motion arguing that Plaintiff cannot establish that the government proximately caused Plaintiff's injuries because the government could not foresee that Dr. Pearl would misdiagnose Holley, and because no act or omission by the government was the cause-in fact of Plaintiff's injuries. *See id.* [D.E. 50 at 10-11, 12-13]. Plaintiff never filed a response and the time to do so has expired. Plaintiff was represented by counsel since the commencement of this action until May 19, 2015 when she began proceeding *pro se*. *See* Order Granting Mot. to Withdraw [D.E. 46].

## STANDARD OF REVIEW

### Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is 'material' if its resolution is outcome determinative." *Thompson v. Syntroleum Corp.*, 108 F. App'x 900, 902 (5th Cir. Sept. 3, 2004) (citing *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th

Cir. 1994)). "An issue is 'genuine' if the evidence is sufficient for a reasonable fact-finder to find in favor of the non-movant." *Id.* A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets his burden, the nonmovant must then point to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

While courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Federal Rule of Civil Procedure 56 ("Rule 56") to search the record for evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990)). Furthermore, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") "is a waiver of sovereign immunity that allows a plaintiff to bring a civil action for damages against the Government." *Villafranca v. United States*, 587 F.3d 257, 260 (5th Cir. 2009) (citing 28 U.S.C. §§ 1346(b)(1), 2674; *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994)). The FTCA provides that "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. District courts have jurisdiction over claims against the United States for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "Therefore, Texas law governs the United States's liability here." *Villafranca*, 587 F.3d at 260.

Negligence Claim

"The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990); *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987)). "The two elements of proximate cause are cause in fact and foreseeability." *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992) (citing *City of Gladewater v. Pike*, 727 S.W.2d 514, 517 (Tex. 1987)). "Both elements must be present . . . and may be established by direct or circumstantial evidence." *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 903 (Tex. 1980) (citing *Missouri Pac. R.R. Co. v. Am. Statesman*, 552 S.W.2d 99, 103 (Tex. 1977); *Farley v. M. M. Cattle Co.*, 529 S.W.2d 751, 755 (Tex. 1975)).

"Proximate cause cannot be established by mere guess or conjecture, but rather must be proved by evidence of probative force." *Id.*

"Cause in fact means that the act or omission was a substantial factor in bringing about the injury and without which no harm would have occurred." *Id.* (citing *Texas & Pac. Ry. Co. v. McCleery*, 418 S.W.2d 494, 497 (Tex. 1967)).

> In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. This is necessary, but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called "philosophic sense," yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.

*Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991) (quoting Restatement (Second) of Torts § 431, comment a (1965)) (alterations omitted).

"'Foreseeability' means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others." *Travis*, 830 S.W.2d at 98 (citing *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 549-50 (Tex. 1985); *Missouri Pac. RR. Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex. 1977)). "The danger of injury is foreseeable if its 'general character . . . might reasonably have been anticipated.'" *Doe*, 907 S.W.2d at 478 (citing *Nixon*, 690 S.W.2d at 551; *Carey*, 124 S.W.2d at 849). "The question of foreseeability . . . involves a practical inquiry based on 'common experience applied to human conduct.'" *Id.* (citing *City of Gladewater v. Pike*, 727 S.W.2d 514, 518 (Tex. 1987); *Cook Consultants, Inc. v. Larson*, 700 S.W.2d 231, 236 (Tex. App.-Dallas 1985, writ ref'd n.r.e.)). "It asks whether the injury 'might

reasonably have been contemplated' as a result of the defendant's conduct." *Id.* (citing *McClure*, 608 S.W.2d at 903). "Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury." *Id.* (citing Restatement (Second) of TortsS § 435(2) (1965)).

## ANALYSIS

The government argues that it is entitled to summary judgment because Plaintiff cannot establish that the government proximately caused Plaintiff's injuries, which is an essential element of Plaintiff's negligence claim. *See* Def.'s Br. [D.E. 50 at 8]. The government argues that the accident that caused Plaintiff's alleged injuries were caused by Holley's medical incapacitation, which the government could not reasonably anticipate. *See id.* [D.E. 50 at 8-9]. The government argues that Plaintiff cannot show that an act or omission by the United States was the cause-in-fact of Plaintiff's injuries or that Plaintiff's injuries were foreseeable, because Dr. Pearl misdiagnosed Holley and cleared him to return to work with no restrictions on March 27, 2012. *See id.* [D.E. 50 at 10-11, 15-16, 18]. The government points to Dr. Julio Chalela's sworn declaration stating that Holley suffered a partial complex seizure on May 2, 2012 and that Holley was previously "incorrectly diagnosed" by Dr. Pearl. *See* Def.'s Br. [D.E. 50 at 10-11]; Def.'s App. [D.E. 51 at 21-24].

Plaintiff's response was due on September 9, 2015, but Plaintiff never filed her response. The Court is not obligated under Rule 56 to search the record for evidence supporting Plaintiff's opposition to the government's summary judgment motion, nor is Plaintiff exempt from complying with court rules of procedural and substantive law because she is now proceeding *pro se*. *See Franklin*, 2012 WL 2679496, at *3; *Birl*, 660 F.2d at 593. The Court finds that there is no genuine

issue of material fact as to an essential element of Plaintiff's negligence claim, proximate causation. Plaintiff's injuries were not foreseeable, because Dr. Pearl misdiagnosed Holley's medical condition and cleared him to return to work with no restrictions. Further, because Holley was incapacitated due to a seizure at the time of the incident, the negligent conduct Plaintiff alleges were not volitional acts or omissions. *See Harvey v. Culpepper*, 801 S.W.2d 596, 598 (Tex. App.-Corpus Christi 1990) ("Unforeseeable incapacity as a bar to liability in negligence is based on the principle that one is not negligent if an unforeseeable occurrence causes an injury. Under traditional negligence theory, it follows that appellant is not negligent if he was incapacitated before the collision, the incapacity caused the collision, and his incapacitation was not foreseeable." (citing *First City Nat'l Bank v. Japhet*, 390 S.W.2d 70, 72 (Tex. App.-Houston 1965, writ dism'd))). Here, Holley's incapacitation was not foreseeable because Dr. Pearl cleared him medically to return to work with no restrictions. *See* Def.'s App. [D.E. 51 at 13-14]. Because Plaintiff failed to rebut the government's showing of lack of genuine issue by failing to respond to the government's motion, the United States' summary judgment motion is granted.

## CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment [D.E. 49] is GRANTED.

**SO ORDERED**, this 12 day of November, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

8